UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RRE VIP BORROWER, LLC, | CASE NO. 1:10-cv-00793 |
| Plaintiff | |
| | JUDGE KATHLEEN M. O'MALLEY |
| v. | |
| | AGREED ORDER GRANTING |
| BINGHAM BUILDING LIMITED | EMERGENCY MOTION OF |
| PARTNERSHIP, et al. | PLAINTIFF FOR APPOINTMENT OF |
| | RECEIVER |
| Defendants. | AND ORDERING APPOINTMENT |
| | OF RECEIVER |

This matter is before the court on the Motion ("Motion") of Plaintiff RRE VIP BORROWER, LLC ("RRE") for the Appointment of Receiver herein to take complete and exclusive possession of the real and personal property described in the Complaint (the "Mortgaged Property"), to protect the Mortgaged Property and to operate the same and collect the rents, profits and income therefrom, as more specifically detailed in the Motion. Having reviewed the party's papers and conducted a hearing on the Motion on April 27, 2010, the Court finds that the Plaintiff and Defendant Bingham Building Limited Partnership ("Bingham") are in agreement as to the resolution of Plaintiff's motion. The Court further finds that no other identified potentially interested party has objected to the Appointment of a Receiver for the Mortgaged Property. It is therefore

ORDERED, ADJUDGED and DECREED that Buckingham Management, LLC ("Buckingham") be and hereby is appointed Receiver for the Mortgaged Property to act with full authority as to the Mortgaged Property, including (without limitation) the employment of a managing agent to assist in fulfilling the following powers and duties as receiver: (a) taking charge of, maintaining, managing and protecting the Mortgaged Property; (b) collecting the

{H1865118.1}

rents, issues and profits of the Mortgaged Property; (c) paying expenses in operation of the Mortgaged Property; (d) entering into, enforcing, terminating and modifying leases of the Mortgaged Property; (e) to employ such counsel, accountants or other professionals, as may be necessary in order to carry out the duties of the Receiver and to reasonably compensate such counsel, accountants and other professionals from the proceeds realized from the Mortgaged Property; (f) borrow money to prevent waste and make all necessary repairs of an ordinary nature to maintain the Mortgaged Property in good order; (g) maintain a bank account in its own name, as Receiver, in which it shall deposit rents and other incomes received by it and from which it shall disburse such funds to defray the expenses of the receivership; and (h) making repairs and improvements to the Mortgaged Property; provided, however, that Buckingham shall continue to retain the services of the current professional manager at the Mortgaged Property, Kennedy Wilson Properties, Ltd. ("Kennedy") to perform the services set forth in subparts (a), (b), (c), (d), and (h) of this paragraph for a period of not less than sixty (60) days from the date of this Order unless it has first evaluated Kennedy's performance and has determined in its reasonable discretion that the performance of Kennedy is unsatisfactory. In the event that it determines that it desires to terminate the services of Kennedy prior to the expiration of the sixty (60) day period it will give five (5) days notice to Bingham before the termination; and it is further hereby

ORDERED, ADJUDGED and DECREED that Bingham Building Limited Partnership ("Bingham") and its agents, shall forthwith turn over to Buckingham, in its capacity as Receiver, all of the assets of, and income from the operation of, the Mortgaged Property, and any and all books, records or other documents or instruments concerning the Mortgaged Property and the Receiver shall not be bound by any contracts, agreements, understandings or other commitments

Bingham had, or may have had, with third parties, whether written or oral, that relate in any way to the Mortgaged Property. Any security or other deposits which tenants have paid to Bingham or its agents or employees and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Bingham and need not be refunded by the Receiver; and any other security or other deposits which tenants have paid or may pay to the Receiver, shall be refundable by the Receiver in accordance with the applicable leases or agreements. The Receiver may, but not without an affirmative written ratification executed by the Receiver, agree to become bound to any such contracts, agreements, understandings or other commitments that related to the Mortgaged Property; and it is further hereby

ORDERED, ADJUDGED and DECREED that Buckingham, in its capacity as Receiver, is authorized to remit to RRE the rents, profits and income collected from the Mortgaged Property on a monthly basis, net of expenses and other items authorized to be expended by Buckingham, and RRE is entitled to apply the net proceeds of the rents, profits and income from the Mortgaged Property to the Note and Mortgage debt or, in RRE's discretion, only after the payment of real estate taxes, insurance and other obligations or expenditures relating to the Mortgaged Property and those that receive notice of this Order are enjoined from and shall not: (i) commit or permit waste on any part of the Mortgaged Property in violation of law, or remove, transfer, encumber or otherwise dispose of any of the Mortgaged Property, (ii) terminate or withhold any electric, gas, water, sewer, telecommunications, cable or other utility service supplying the Mortgaged Property, require any utility deposit or otherwise interfere with the continued operations of the Mortgaged Property, nor (iii) do any act which will tend to impair, defeat, divert, prevent or prejudice the preservation of the Mortgaged Property or expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in,

encumber, conceal or in any manner whatsoever deal in or dispose of the whole any part of the Mortgage Property; and it is further hereby

ORDERED, ADJUDGED and DECREED that on or before the end of each calendar month, beginning in May 2010, Buckingham shall prepare and submit written reports to the parties to this action and file those reports with this Court, summarizing the receipts and expenditures made at the Mortgaged Property, a general description of actions taken by Buckingham in its capacity as Receiver, and any other information that Buckingham reasonably believes necessary to inform the parties and this Court as to the financial condition, physical condition and activities related to the Mortgaged Property provided, however, Receiver shall have no duty or obligation to prepare and/or file any tax return or pay any taxes of Bingham that are or may become due, but the Receiver shall pay any and all taxes that are assessed against the Mortgaged Property; and it is further hereby

ORDERED, ADJUDGED and DECREED that all persons and entities be, and hereby are, enjoined from interfering with Buckingham performing its powers and duties as Receiver, as granted and imposed herein; and it is further hereby

ORDERED, ADJUDGED and DECREED that Buckingham shall file with the Clerk of this Court a bond in the amount of $25,000 with surety conditioned that Buckingham, as Receiver, shall faithfully discharge its duties and faithfully obey the orders of the Court and Receiver, its affiliates, directors, officers, employees, agents, representatives and assigns, shall not be personally liable to anyone except for its willful misconduct, gross negligence or breach of fiduciary duty, nor shall Receiver have any liability for any environmental liabilities arising out of or relating to the Mortgaged Property unless any of the same result from the willful misconduct, gross negligence or breach of fiduciary duty by the Receiver; and it is further

ORDERED, ADJUDGED AND DECREED THAT Buckingham shall be paid compensation for its services as Receiver in the amount of $2,500.00 per month, which amount shall be pro-rated for any period of time that Buckingham serves that is less than a complete month. Before receiving compensation, Buckingham shall make application to this Court for the payment of such fee and any expenses it has incurred. The Receiver's application should be served on all parties to this litigation who request such notice, and shall be granted only after providing the parties to this litigation and this Court the opportunity for objection or comment upon the application.

**IT IS SO ORDERED.**

Dated: 4-30-10

Judge Kathleen M. O'Malley

Approved by:

/s/ Jonathan F. Sobel (via email consent given on April 28, 2010)
Jonathan F. Sobel (0017193)
Kevin R. McMillan (0069428)
KABAT, MIELZINER & SOBEL
30195 Chagrin Blvd., Suite 300
Pepper Pike, Ohio 44124
Phone: 216-959-8222
Fax: 216-595-8230
kmcmillan@kmslawfirm.com
jfsobel@kmslawfirm.com


/s/ Gary L. Lieberman (via email consent given on April 28, 2010)
GARY L. LIEBERMAN CO., LPA
30195 Chagrin Blvd., Suite 300
Pepper Pike, Ohio 44124
Phone: 216-292-7776
Fax: 216-292-3340

*Attorneys for Defendant*
*Bingham Building Partnership*

SCHOTTENSTEIN, ZOX & DUNN CO., LPA


/s/ Robert M. Stefancin
Robert M. Stefancin (0047184)
USBank Centre
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
Phone: 216/394-5068
Fax: 216/394-5085
Email: rstefancin@szd.com

*Attorney for Plaintiff*
*RRE VIP Borrower, LLC*