# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RRE VIP BORROWER, LLC, | : | CASE NO. 1:10-cv-00793 |
| Plaintiff | : | |
| v. | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| BINGHAM BUILDING LIMITED PARTNERSHIP, et al., | : | |

## JUDGMENT ENTRY AND DECREE OF FORECLOSURE

This matter is before the Court on the Motion of Plaintiff RRE VIP Borrower, LLC ("RRE") for Judgment on the Pleadings or, in the Alternative, for Summary Judgment [Doc. No. 40] (the "Motion").

The real and personal property which is the subject of this foreclosure action is located at 1278 W. 9th St., Cleveland, Cuyahoga County, Ohio 44113 (the "Real Property"), a complete legal description of which is attached to this Judgment Entry.

On April 15, 2010, RRE filed its Complaint in this action [Doc. No. 1], and on that same date also filed its *Emergency Motion of Plaintiff RRE VIP Borrower, LLC for Appointment of Receiver* [Doc. No. 4] ("Receiver Motion"). Defendant Bingham Building Limited Partnership ("Bingham") was served with a Summons and copy of the Complaint on April 21, 2010 [*See*

Doc. No. 16]. Bingham filed its Answer to the Complaint on May 6, 2010 [Doc. No. 36].

On April 27, 2010, the Court held a hearing on the Receiver Motion, at which Defendant Bingham admitted default under the Mortgage Note which is the subject of this action, and consented to the appointment of a receiver. On April 30, 2010, this Court entered its *Agreed Order Granting Emergency Motion of Plaintiff for Appointment of Receiver and Ordering Appointment of Receiver* [Doc. No. 28], wherein Buckingham Management, LLC was named as Receiver for the real and personal property subject to this action.

On May 7, 2010, RRE filed the Motion, seeking a decree in foreclosure based upon the admissions made in Bingham's Answer and at the hearing on the Receiver Motion. Bingham did not file a response or objection to the Motion.

On June 11, 2010, RRE submitted a proposed *Judgment Entry and Decree of Foreclosure* [Doc. No. 51] to the Court, based upon Bingham's failure to respond to the Motion.

On June 22, 2010, this Court noticed a hearing [Doc. No. 52], to be held on July 9, 2010 at 10:00 a.m. (the "Hearing"), to give all parties an opportunity to assert any opposition to the Motion.

The following Defendants, through their named counsel, appeared at the Hearing: Terrence J. Steel of Cowden & Humphrey Co., LPA on behalf of Otis; Michael S. Tucker of Ulmer & Berne LLP on behalf of The Historic Warehouse District, Wells Fargo, and West 9th Properties; and Richard Bertovich, Assistant Director of Law for the City of Cleveland on behalf of the City. Each of the foregoing Defendants represented at the Hearing that it has no objections to the entry of the Judgment Entry and Decree of Foreclosure.

Upon due consideration of the Memorandum in Support of Plaintiff RRE's Motion, this Court finds that good cause exists for the Court to grant the Motion, and finds as follows:

1. Defendant Bingham executed and delivered to the Initial Lender[1] a Mortgage Note dated January 1, 2003, in the original principal sum of $45,495,200, with interest at the rate of six and 25/100th per centum (6.25%) per annum on the unpaid balance until paid (the "Note").

2. Attached to the Note are two Allonges. The first is dated January 1, 2003, and evidences the assignment of Initial Lender's interest under the Note, without recourse, to Capstone Realty Advisors, LLC ("Capstone"). The second Allonge is also dated January 1, 2003, and evidences the assignment of Capstone's interest under the Note to the Secretary of Housing and Urban Development ("HUD").

3. On April 6, 2010, HUD executed a Note Endorsement ("Endorsement") endorsing the Note, and making the Note payable to the order of RRE.

4. To secure repayment of the Note, on January 23, 2003, Bingham executed and delivered to the Initial Lender an Open End Mortgage Deed (the "Mortgage"). The Mortgage was duly recorded on January 24, 2003 as Instrument No. 200301240116 in the official records of Cuyahoga County, Ohio.

5. The Mortgage granted to the Initial Lender a mortgage in the Real Property and assigned to Initial Lender all rents, profits, and income from the Real Property for the purpose of discharging the debt under the Note. As provided in Exhibit B to the Mortgage, and under the terms of the Note, Bingham does not have any personal liability under the Note and Mortgage, and RRE's sole source of satisfaction for the amounts due and owing will be from the Real Property and the rents, issues, and profits thereof.

6. The Mortgage specifically creates in favor of the Initial Lender, a security interest in "all fixtures and articles of personal property of the Mortgagor now or hereafter to be erected

---

[1] Undefined capitalized terms included in this Order shall have the same meaning as those terms set forth in the Memorandum in Support of the Plaintiff's Motion.

on the lands herein described which are necessary to the complete and comfortable use and occupancy of such building or buildings for the purposes for which they were or are to be erected." The Mortgage creates a lien on all of the personal property located at the Real Property.

7. The Mortgage was assigned by the Initial Lender to Capstone by an Assignment of Open-End Mortgage Deed recorded as Instrument No. 200508080811 in the official records of Cuyahoga County, Ohio. Capstone subsequently assigned its rights under the Mortgage to the Secretary of Housing and Urban Development, RRE's immediate predecessor in interest, by an Assignment of Open-End Mortgage Deed recorded as Instrument No. 200903160166 in the official records of Cuyahoga County, Ohio.

8. In addition, a UCC Financing Statement naming Bingham as the debtor and Initial Lender and the Secretary of Housing and Urban Development as secured parties (the "Original Fixture Filing") was recorded on January 24, 2003 as Instrument No. 200301249010 in the official records of Cuyahoga County, Ohio, and was filed with the Ohio Secretary of State.

9. RRE succeeded to all of the Initial Lender's rights, title and interest in and to the Note, the Mortgage and all other agreements, documents and certificates executed and delivered in connection therewith, by virtue of (i) a non-recourse Note Endorsement from the Secretary of Housing and Urban Development dated April 6, 2010, and which is attached to and made part of the Note; (ii) an Assignment of Mortgage by and between the Secretary of Housing and Urban Development and RRE, dated April 6, 2010 and recorded on April 12, 2010 as Instrument No. 201004120578 in the official records of Cuyahoga County, Ohio (the "Mortgage Assignment"); and (iii) a UCC Financing Statement Amendment, assigning to RRE the Original Fixture Filing (the "Fixture Filing"), and recorded April 12, 2010 as Instrument No. 201004129104.

10. On April 6, 2010, in consideration for the sale, assignment and transfer of the Mortgage loan to RRE, the Secretary of Housing and Urban Development released and terminated a previously executed Regulatory Agreement, and recorded that release as Instrument No. 201004120580 in the official records of Cuyahoga County.

11. Bingham has admitted a default under the Note. At the April 27, 2010 hearing on RRE's Motion for the Appointment of a Receiver, Bingham's counsel admitted Bingham's default on the record. As a result of the default, on or about April 6, 2010, RRE sent a letter to Bingham, notifying it that effective April 6, 2010, RRE succeeded to the Initial Lender's rights, title and interest in the Note, Mortgage, and other loan documents, and that due to existing defaults thereunder RRE was making demand for payment of the indebtedness due from Bingham under the Note, and that such payment was due no later than 5:00 p.m. on April 13, 2010. Bingham did not pay off the Note.

12. This Court finds that as of April 6, 2010, Bingham owes RRE the sum of $47,708,948.93, plus interest in the amount of $7,692.27 per day, plus late charges and all of RRE's costs in collecting this sum (the "Judgment Amount"). This Court further finds that RRE is entitled to judgment as a matter of law, and that RRE is entitled to foreclose its Mortgage and security interest perfected by the Fixture Filing, in order to collect the Judgment Amount.

13. The Historic Warehouse District Development Corporation of Cleveland ("The Historic Warehouse District") was named as a defendant in the Lawsuit because on January 23, 2003, The Historic Warehouse District recorded the following: (i) a Deed of Historic Preservation and Conservation Easement—Façade Easement (the "Façade Easement Deed") against the Real Property as Instrument No. 200301230998 in the Official Records of Cuyahoga County, Ohio; and (ii) a Deed of Historic Preservation and Conservation Restriction—Air Rights

Restriction (the "Air Space Easement Deed," and along with the Façade Easement Deed, the "Easement Deeds") against the Real Property as Instrument No. 200301230999 in the Official Records of Cuyahoga County, Ohio. The rights created in favor of The Historic Warehouse District by the Façade Easement Deed are the "Façade Easement." The rights created in favor of The Historic Warehouse District created by the Air Space Easement Deed are the "Air Space Easement" (and along with the Façade Easement, the "Warehouse District Easements").

14. On May 10, 2010, The Historic Warehouse District timely filed an answer [Doc. No. 43] to RRE's Complaint. In its answer, The Historic Warehouse District admitted that it is the grantor and owner of the Warehouse District Easements against the Real Property.

15. The Air Space Easement Deed grants, among other things, to The Historic Warehouse District "relinquishment of the Air Space Development Rights" and contains an agreement "to preserve the Air Space in substantially the same condition existing upon the Recording Date" (as those capitalized terms are defined in the Air Space Easement Deed). The Façade Easement Deed grants, among other things, to The Historic Warehouse District a preservation and conservation easement in gross in perpetuity in the Building Façade (as that term is defined in the Façade Easement Deed). Each of the Easement Deeds provides that, "In the event of a foreclosure or deed in lieu of foreclosure, this Deed and the Easement shall not be extinguished."

16. Attached as Exhibit C to each of the Easement Deeds is a HUD-Required Provisions Rider (the "Rider"), wherein HUD further affirmed that, for as long as HUD was the insurer or holder of any mortgage or indebtedness on the Project (as that term is defined in the Rider), the Warehouse District Easements would not be extinguished by a foreclosure or deed in lieu of foreclosure.

17. Otis Associates Limited Partnership ("Otis") was named as a defendant in the Lawsuit because on August 9, 1999, Otis recorded a Reciprocal Easement Agreement against the Real Property as Instrument No. 199908190298 in the Official Records of Cuyahoga County, Ohio (the "Driveway Easement"), and on January 24, 2003, Otis recorded a Garage Ingress and Egress Reciprocal Easement Agreement as Instrument No. 200301240112 in the Official Records of Cuyahoga County, Ohio (the "Garage Easement"). The Garage Easement amended the Driveway Easement, and the two easements have the combined effect of providing Otis certain access rights to the Real Property, including three (3) parking spaces in the parking garage located on the Real Property which are to be reserved for Otis and its tenants. Both the Driveway and Garage Easements specifically provide that they are covenants running with the land and shall be binding on the successors and assigns to the parties thereto.

18. In its answer, Otis also asserted a cross-claim against Bingham for unspecified amounts due and owing under the Garage Easement, which amounts are a claim superior in right to RRE.

19. On May 17, 2010, Otis timely filed an answer [Doc. No. 46] to RRE's Complaint. In its answer, Otis admitted that it has an interest in the Real Property by virtue of the Driveway and Garage Easements.

20. Reilly Mortgage Group, Inc. ("Reilly"), predecessor in interest to Wells Fargo Bank, N.A. ("Wells Fargo") was named as a defendant in the Lawsuit because on January 24, 2003, it recorded a Declaration of Subordination and Consent Agreement as Instrument No. 200301240113 in the Official Records of Cuyahoga County, Ohio (the "Subordination and Consent Agreement"). Pursuant to the Subordination and Consent Agreement, Reilly, among other things, consented to the filing of the Garage Easement and subordinated to the Driveway

and Garage Easements a mortgage granted to Reilly by Otis. The Subordination and Consent Agreement specifically provides that it inures to the benefit of Reilly's successors.

21. On May 24, 2010, Wells Fargo, as successor in interest to Reilly, timely filed an answer [Doc. No. 50] to RRE's Complaint. In its answer, Wells Fargo admits that it claims an interest in the Real Property by virtue of the Subordination and Consent Agreement.

22. The Court finds as follows:

A. By virtue of their date and time of recordation, the Warehouse District Easements are superior to the liens and interest of RRE, except as otherwise stated in the Façade Easement Deed and the Air Space Easement Deed, and the judicial sale or other disposition of the Real Property will be subject to the Warehouse District Easements;

B. By virtue of their date and time of recordation, the Driveway and Garage Easements are superior to the liens and interest of RRE, and the judicial sale or other disposition of the Real Property will be subject to the Driveway and Garage Easements, and the amounts due thereunder, if any, are a claim superior to RRE; and

C. Any interest which is or may be claimed by Wells Fargo under the Driveway and Garage Easements will not be extinguished by the current foreclosure of RRE's Mortgage on the Real Property.

23. The City of Cleveland (the "City") was named as a defendant in the Lawsuit because on January 24, 2003, the City recorded an Open-End Mortgage granted by Bingham on the Real Property as Instrument No. 200301240118 in the Official Records of Cuyahoga County, Ohio (the "City of Cleveland Mortgage"). On May 7, 2010, the City timely filed an answer [Doc. No. 42] to RRE's Complaint. In its answer, the City admits having an interest in the Real Property by virtue of the City of Cleveland Mortgage, and asserts a cross-claim against Bingham for $2,167,333.33, plus interest at the ate of 4% per annum from January 23, 2005, which represents amounts due and owing under the promissory note which is secured by the City of Cleveland Mortgage.

24. International Merchandising Corporation ("IMC") and the Cuyahoga County Board of Commissioners (the "Board of Commissioners") were named as defendants in the Lawsuit by virtue of Subordination, Non-Disturbance and Attornment Agreements recorded, respectively, as Instrument No. 200301240122 and Instrument No. 200301240120 in the official records of Cuyahoga County, Ohio. On May 6, 2010, the Board of Commissioners filed an answer [Doc. No. 35] to RRE's Complaint disclaiming any present interest in the Real Property. Likewise, on May 18, 2010, IMC filed an answer [Doc. No. 48] to RRE's Complaint disclaiming any present interest in the Real Property.

25. The Court finds as follows:

A. By virtue of its date and time of recordation, the City of Cleveland Mortgage is junior to RRE's Mortgage, and the City of Cleveland Mortgage shall be extinguished by the current foreclosure of RRE's Mortgage on the Real Property;

B. The City will have an interest in the proceeds of the sheriff's sale or other disposition of the Real Property only to the extent that there are undistributed proceeds after the Judgment Amount, as defined herein, is paid in full to RRE; and

C. IMC and the Board of Commissioners no longer have any present interest in the Real Property and are properly dismissed from this action.

26. Bingham Parking, LLC ("Bingham Parking") was named as a defendant in the Lawsuit because it was identified in the title report obtained by RRE prior to the filing of the Complaint (and which is attached as Exhibit G to the Complaint) as having an interest in the Real Property by virtue of an Easement Agreement (Use of West 9th Street) ("West 9th Street Easement") which was recorded on January 24, 2003, as Instrument No. 200301240115 in the official records of Cuyahoga County, Ohio.

27. West 9th Properties LLC ("West 9th Properties") is a defendant in the Lawsuit because it has an interest in the Real Property by virtue of the West 9th Street Easement. While

West 9th Properties was not initially named as a defendant in this action, counsel for West 9th Properties appeared at the Hearing and represented that West 9th Properties is the holder of the West 9th Street Easement and has no objection to being substituted for Bingham Parking in the Lawsuit.

28. The Court finds as follows:

A. By virtue of its date and time of recordation, the West 9th Street Easement is superior to the liens and interest of RRE, except as otherwise stated in the West 9th Street Easement, and the judicial sale or other disposition of the Real Property will be subject to the West 9th Street Easement;

B. Any interest which is or may be claimed by West 9th Properties under the West 9th Street Easement will not be extinguished by the current foreclosure of RRE's Mortgage on the Real Property; and

C. Because Bingham Parking was improperly named as a defendant, Bingham Parking is properly dismissed from this action.

Based upon the foregoing, it is hereby

ORDERED that RRE be, and hereby is granted judgment on the Note and Mortgage, in order to collect the Judgment Amount as of April 6, 2010, in the amount of $47,708,948.93, plus interest in the amount of $7,692.27 per day, plus late charges and all of RRE's costs in collecting this sum;

IT IS ALSO ORDERED that:

(i) RRE's Mortgage is valid and duly recorded, and is the first and best lien upon the Real Property (except for real estate taxes and assessments, and subordinate to the interests and claims described in paragraphs 22, 25 and 28 of this Judgment Entry and Decree of Foreclosure);

(ii) RRE's security interest in the personal property located on the Real Property, as perfected by its valid and duly recorded Fixture Filing, is the first and best lien upon such personal property;

(iii) all defendants in this action are required to set up their claims, liens or interests in the Real Property or be forever barred from asserting the same;

(iv) that unless the sums found to be due by this Judgment Entry are paid within ten (10) days from the date of the entry of Judgment Entry, the equity of redemption of Bingham and the other defendants shall be foreclosed and forever barred, and that the Real Property be sold free of all liens, claims and interests of parties to this action, except as otherwise ordered by this Court herein;

(v) the judicial sale or other disposition of the Real Property shall be subject to the Warehouse Easements recorded by The Historic Warehouse District and the judicial sale or other disposition of the Real Property shall not foreclose, extinguish, impair or otherwise modify the Warehouse Easements or the Easement Deeds;

(vi) the judicial sale or other disposition of the Real Property shall be subject to the Driveway and Garage Easements recorded by Otis and the judicial sale or other disposition of the Real Property shall not foreclose, extinguish, impair or otherwise modify the Driveway or Garage Easements, or extinguish, impair or otherwise modify any interest of Wells Fargo under the Driveway or Garage Easements by virtue of the Subordination and Consent Agreement, and any amounts due Otis shall be

paid from the proceeds prior to any payment of judicial sale proceeds to RRE;

(vii) the judicial sale or other disposition of the Real Property shall be subject to the West 9th Street Easement recorded by West 9th Properties and the judicial sale or other disposition of the Real Property shall not foreclose, extinguish, impair or otherwise modify the West 9th Street Easement;

(viii) IMC, Bingham Parking, and the Board of Commissioners are hereby dismissed from the Lawsuit;

(ix) upon the request of Plaintiff RRE, an order of sale shall issue to the Master Commissioner without further notice, hearing or Court Order, directing him to appraise, advertise and sell the Real Property and its contents according to law and the orders of this Court and to report his proceedings to this Court. Notice of the time and place of any sale of the Real Property shall be given to all persons who claim an interest in the Real Property pursuant to Section 2329.26 of the Ohio Revised Code;

(x) upon distribution of any sale proceeds, pursuant to an Order of Confirmation of Sale and Distribution, in accordance with the provisions of Amended General Order 2006-16, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and the Clerk of Courts, directing them to enter the same on the margin of the records of mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED.

Date: 7/13/10

*Kathleen M. O'Malley*
JUDGE KATHLEEN O'MALLEY

APPROVED:

/s/ Robert M. Stefancin
Robert M. Stefancin (0047184)
Schottenstein, Zox & Dunn Co., LPA
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
Telephone: (216) 621.6501
Facsimile: (216) 621.6502
E-mail: rstefancin@szd.com
*Attorney for Plaintiff*
*RRE VIP Borrower, LLC*


/s/ Michael S. Tucker (via email consent given on July 12, 2010)
Michael S. Tucker (0034398)
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Telephone: (216) 583-7120
Facsimile: (216) 583-7121
E-Mail: mtucker@ulmer.com
*Attorney for The Historic Warehouse District*
*Corporation of Cleveland; Wells Fargo Bank,*
*National Association; and West 9th Properties LLC*


/s/ Richard Bertovich (via email consent given on July 12, 2010)
Richard Bertovich (0059434)
City of Cleveland
Department of Law, Ste. 106
601 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 664-3312
Facsimile: (216) 664-2663
E-Mail: rbertovich@city.cleveland.oh.us
*Attorney for the City of Cleveland*

Facsimile: (216) 621.6502
E-mail: rstefancin@szd.com
*Attorney for Plaintiff*
*RRE VIP Borrower, LLC*

/s/
Terrence J. Steel (0029329)
Cowden & Humphrey Co, LPA
4600 Euclid Ave, Suite 400
Cleveland, Ohio 44103
Telephone: (216) 367-1304
Facsimile: (216) 241-2881
E-mail: terry@cowdenlaw.com
*Attorney for Defendant Otis Associates Limited Partnership*

# DISTRIBUTION LIST

- **Richard Bertovich**
  rbertovich@city.cleveland.oh.us
- **Anthony J. Giunta, Jr**
  agiunta@cuyahogacounty.us
- **Adam D. Jutte**
  ajutte@cuyahogacounty.us
- **Michael A. Kenny, Jr**
  p4mak@cuyahogacounty.us
- **Lynn Rowe Larsen**
  lynn@timsweeneylaw.com
- **Gary L. Lieberman**
  lawyerlieberman@aol.com
- **Colleen A. Majeski**
  p4ajg@cuyahogacounty.us
- **Kevin R. McMillan**
  kmcmillan@kmslawfirm.com,hmartin@kmslawfirm.com
- **Judith E. Miles**
  p4jm2@cuyahogacounty.us
- **Kelli K. Perk**
  kperk@cuyahogacounty.us
- **Gregory B. Rowinski**
  growinski@cuyahogacounty.us
- **Jonathan F. Sobel**
  jfsobel@kmslawfirm.com,rmaslanko@kmslawfirm.com
- **Terrence J. Steel**
  terry@cowdenlaw.com
- **Robert M. Stefancin**
  rstefancin@szd.com,sbrowdy@szd.com
- **Michael S. Tucker**
  mtucker@ulmer.com